### THE HOPKINS AMUSEMENT COMPANY

*v.*

### CHARLES FROHMAN.

*Opinion filed April 24, 1903—Rehearing denied June 4, 1903.*

1. INJUNCTION—*fraudulent competition in legitimate business may be enjoined.* The production of an inferior drama given a name calculated and intended to deceive the public into believing it to be a drama of established reputation which complainant is producing, and which will lead to the deception of the public and the injury of complainant, may be enjoined.

2. SAME—*when verification of bill is immaterial.* If the facts alleged in the bill for an injunction and admitted by the demurrer are sufficient to authorize the court to grant the injunction, it is immaterial, on appeal, whether the bill was sufficiently verified by affidavit or not.

*Hopkins Amusement Co.* v. *Frohman*, 103 Ill. App. 613, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

ADOLPH MARKS, for appellant.

THOMAS S. HOGAN, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The Appellate Court for the First District affirmed a decree entered in the circuit court of Cook county perpetually enjoining the appellant company from advertising, producing or performing a play entitled "Sherlock Holmes, Detective."

The bill of complaint sets forth at length, in substance, that appellee, a resident of New York, is a theatrical manager; that A. Conan Doyle is the author of a book entitled "The Sign of the Four," in which he created a character known as "Sherlock Holmes," a detective; that said Conan Doyle and one William Gillette, a dram-

atist and actor, collaborated and composed a drama in four acts, the plots, scenes, incidents and characters of which were original with said Doyle and Gillette, to which they gave the name of "Sherlock Holmes;" that appellee contracted with said Doyle and Gillette for the exclusive right to produce, perform and represent said drama for five years from December 7, 1898, in the United States and elsewhere; that he produced the same in the principal cities of the United States at an expense of many thousands of dollars; that the receipts therefrom have been large; that the name of said play, to-wit, "Sherlock Holmes," is of great value as a trade-mark, and that appellee has expended large sums of money in advertising said play under the trade-mark name of "Sherlock Holmes;" that the appellant company is the lessee and manager of Hopkins Theater, Chicago, and has advertised and threatened to produce a play commonly known as a detective play, at said Hopkins Theater, under the name "Sherlock Holmes, Detective," and that "in order to secure to itself the fame and benefits of appellee's said drama and trade-mark, and in order to deceive the public and make the said play so advertised by the defendant, as aforesaid, appear to be the play of your orator, to-wit, the drama of 'Sherlock Holmes,' collaborated by A. Conan Doyle and William Gillette, is wrongfully and fraudulently using your orator's said trade-mark without the consent of your orator; that the play 'Sherlock Holmes, Detective,' which the defendant advertises and threatens to produce, is greatly inferior to the play of your orator, and the said Hopkins Amusement Company, in attempting to produce its said play under the trademark of your orator, to-wit, 'Sherlock Holmes,' is attempting to deceive the public, as aforesaid, by trading upon the reputation which your orator's said play and trade-mark have attained by reason of the excellence of said play and the large sums of money expended by your orator in advertising and staging his said play."

Appellant filed a general demurrer to the bill, which, on hearing, was overruled. Appellant elected to stand by its demurrer, whereupon the court entered its decree finding "that the allegations of said complainant's bill herein are true," and granting appellee relief as prayed for. The appellant having elected to abide its demurrer, thereby admitting all of the allegations of the bill to be true, (*Miller* v. *Davidson*, 3 Gilm. 518,) and the court having proceeded at once to a decree, the only inquiry is as to the sufficiency of the allegations of the bill to warrant the decree. *Wangelin* v. *Goe*, 50 Ill. 459; *Hannas* v. *Hannas*, 110 id. 53.

We think the facts disclosed by the allegations of the bill justified a decree perpetually enjoining the appellant company from announcing, advertising and performing the play under the name of "Sherlock Holmes, Detective." The name given to the drama advertised to be performed by the appellant company and that borne by the play of the appellee are so similar that the likelihood is that the public would be deceived to believe that the drama of the appellant company was that which the appellee had been producing. This likelihood of deception is declared to be the test in Hopkins on Unfair Trade, (p. 186,) and the same author there remarks that in applying this test all doubts are to be resolved in favor of the complainant. Moreover, in the case at bar it is expressly averred in the bill that the appellant company adopted the name given to its play "in order to secure to itself the fame and benefit of your orator's meritorious and well-known drama and said trade-mark, and in order to deceive the public and make the said play so advertised by the defendant, as aforesaid, appear to be the play of your orator, to-wit, the drama 'Sherlock Holmes,' collaborated by A. Conan Doyle and William Gillette." This is an allegation of fact conceded by the demurrer to be true.

The decree is to be sustained, not upon the principal theory upon which the bill was framed, that the appellee

has an exclusive property right in the name "Sherlock Holmes," as a trade-mark, but upon the ground that it appeared from the allegations of the bill, independently of any of the allegations with reference to the alleged trademark rights of the appellee, that the appellant company adopted and used the words "Sherlock Holmes, Detective," as the name of the play intended to be produced by it, in a manner calculated to deceive the public and with intent to lead the public to believe that it would perform the drama which the appellee had made well known and popular, and thereby not only to deceive the public but injure the appellee. It appeared from the allegations of the bill that the appellant company gave to the drama it intended to produce, the title of "Sherlock Holmes, Detective," for the purpose of fraudulently and intentionally deceiving the public and availing itself of the reputation of the drama of the appellee, and thereby unfairly to palm off upon the public a greatly inferior drama or play, to the deception of the public and the injury of the appellee. Equity provides a remedy to prevent such unfair and fraudulent competition among business rivals in any and all lines of legitimate trade and business. (Hopkins on Unfair Trade, pp. 25, 32, and many cases cited in the notes, among them *Goodyear India Rubber Glove Manf. Co.* v. *Goodyear Rubber Co.* 128 U. S. 598.) We, however, do not decide or concede that the appellee has a trade-mark right or property in the words "Sherlock Holmes."

The decree appealed from being a final decree for an injunction rendered upon facts admitted by the appellant company, and sufficient to authorize the restraining action of the court, it is immaterial now to determine whether the bill was sufficiently verified by an affidavit. 10 Ency. of Pl. & Pr. 966.

The judgment of the Appellate Court must be and is affirmed.                              *Judgment affirmed.*